FRANK B. STOCKLEY, Receiver, *vs.* ABRAHAM BENEDICT et al.

*Mutual Insurance Company—Forfeiture of Policy by Non-Payment of Assessment—Waiver—Right of Foreign Receiver.*

When the contract of insurance in a mutual company provides that the failure to pay an assessment when due shall cause the policy to be forfeited and become void, and that it cannot be reinstated except in a designated manner by consent of the company, then the payment by a member of an assessment after maturity and after such forfeiture, without a reinstatement of the policy in the manner provided for, is not a waiver of the forfeiture, and does not operate to revive the policy, and upon the subsequent insolvency of the company the holder of such policy is not liable for an assessment ordered to be made by a Court of the domicil of the corporation.

Appeal from the Baltimore City Court (Ritchie, J.). Upon the granting of the trial Court's instruction, which is set forth in the opinion of this Court, the defendants withdrew their prayers, the fifth of which set forth that "If the jury shall find

that on or about March 1, 1898, the insurance company gave written notice to the defendants of a regular quarterly assessment of eleven dollars and one cent levied on and covering all their policies then in force; and shall further find that by the terms of said notice the assessment thereby called was payable on or before April 1, 1898; and shall further find that the defendants failed to pay said assessment until April 4, 1898, and at the time of such payment received the conditional receipt therefor, offered in evidence; and if the jury shall further find that the company did not after the said 4th day of April, 1898, reinstate said policies by its consent in writing; then by the legal effect of the contract between said company and the defendants their policies became null and void and all their rights of insurance thereunder were forfeited from and after said 1st day of April, 1898. And if the jury shall further find that the defendants have paid all assessments levied on them by said company during the time their policies were in force and effect, the verdict must be for the defendants."

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Pearce, Schmucker and Jones, JJ.

*John Prentiss Poe* and *Edgar Allan Poe* for the appellant:

The policies sued on did not become null and void by the failure of the appellees to pay the assessments levied and made payable on or before the 1st of April, 1898, but the voluntary payments of said assessments by the appellees on the 4th of April, 1898, and the acceptance thereof by the insurance company operated as a complete waiver of the right of the company to declare the policies null and void by reason of the failure to pay such assessments on or before the 1st of April, 1898; and consequently the appellees, at the time of the institution of the proceedings in the Court of Common Pleas of Dauphin County by the Attorney-General of Pennsylvania, according to the law and practice of that commonwealth, were members of the company, and bound as such

members by the decrees of that Court of the 13th of September, 1898, and the 22nd of April, 1899, and are consequently bound to pay the assessments levied under those decrees. *Stockley* v. *Hartley Bros.*, 12 Penn. Sup. Ct. 628.

There can be no doubt that the appellees under these policies became bound to pay their proportionate share of the expenses incurred and the losses which happened during the period of their membership. *People's Fire Ins. Co.* v. *Hartshorne*, 90 Penna. 456; *Stockley, Receiver,* v. *Riebenach,* 12 Penna. Superior Court Reports ; *Standard Ins. Co.* v. *Madara,* 2 Penna. Dist. Reports, 660; *s. c.,* 13 Penna. County Court Reports ; *Burger* v. *Farmers' Ins. Co.,* 71 Penna. 442; *Mitchell* v. *Lycoming Ins. Co.,* 51 Penna.; *Susquehanna Ins. Co.'s Appeal,* 105 Penna. 615; *Susquehanna Ins. Co.* v. *Leary,* 136 Penna. 515; *Given, Receiver,* v. *Rettew,* 162 Penna. 642; *Orr* v. *Mercer County M. Ins. Co.,* 114 Penna. 387; *Koehler* v. *Beeber,* 122 Penna. 298; *Insurance Co.* v. *Stauffer,* 125 Penna. 425; *Insurauce Co.* v. *Gackensback,* 115 Penna. 500; *Mattern, Receiver,* v. *Lichtenwalner,* 6 Penna. Sup. Ct. 515.

As to the three policies issued prior to the 1st of January, 1897, up to which time the company had complied with all the provisions of the laws of Maryland, and had a licensed agent within the State, it is hardly supposed that the liability of the appellees will be denied if the Court shall be of opinion that at the time or the institution of the proceedings by the Attorney-General of Pennsylvania against the company on the 27th of April, 1898, they were still members. *Lycoming Insurance Co.* v. *Langley,* 62 Md. 211.

The decision of this Court in *Stockley, Receiver,* v. *Thomas,* 89 Md. 663, settles the question that all these policies are to be treated as Pennsylvania contracts, and hence their interpretation and effect, and the rights and liabilites of the parties thereunder are to be settled by the law of Pennsylvania. There may perhaps be some doubt as to the enforceability of the assessment levied against the appellees upon policy No. 55,090, because there may be some ground for the contention that this policy was issued in Baltimore through a collecting

agent of the company residing in Baltimore, and after the withdrawal by the company of its registered agent and the termination of its license.  But no such objection can be urged against the three policies issued prior to the 1st of January, 1897, because it is admitted that when they were issued the company was transacting business in Maryland in strict conformity with all the requirements of our law.  *Stevens* v. *Fertilizer Co.*, 87 Md. 685; *Shattuck* v. *Mutual Life Ins. Co.*, 4 Clifford, 609 (Mass.); *Lamb* v. *Bowser*, 7 Bissell, 315 (Indiana); *Seamans* v. *Kapp*, 89 Wis. 171; *Western* v. *Genesee Mut. Ins. Co.*, 12 N. Y. 258; *Whitcomb* v. *Phœnix Mut. Ins. Co.*, 8 Fed. Rep. 642; *Smith* v. *Mutual Life Ins. Co.*, 5 Fed. Rep. 582; *Allgeyer* v. *Louisiana*, 165 U. S. 578; *Abbott* v. *Shephard*, 48 N. H. 14; *Hyde, Receiver*, v. *Goodnow*, 3 N. Y. 266; *Bailey* v. *Hope Ins. Co.*, 56 Me. 474; *New Orleans* v. *Rhenis Lloyds*, 31 La. An. 781; *Taylor* v. *Merchants Ins. Co.*, 9 Howard, 390; *Hallock* v. *Commercial Ins. Co.*, 26 N. J. Law, 268; *Marden* v. *Hotel Owners Ins. Co.*, 85 Iowa, 584; *Hartford Ins. Co.* v. *Stocking Co.*, 66 Vt. 439; *Daily* v. *Accident Ins. Assn.*, 102 Mich. 289; *Brauer* v. *Shaw*, 168 Mass. 198; *Equitable Society* v. *Nixon*, 81 Fed. Rep. 796.

The Court of Common Pleas of Dauphin County having, upon apt proceedings instituted by the Attorney-General of Pennsylvania, taken jurisdiction over the company, adjudged it to be insolvent and appointed a receiver to wind up its affairs, our Maryland Courts will give effect to its decrees.  Nor will they permit those decrees to be questioned in any collateral proceeding.  *Insurance Co.* v. *Boggs*, 172 Penna. Reports, 99; *Stockley, Receiver,* v. *Hartley Bros.*, 12 Superior Ct. Phila. 634. The right to make the assessments sued for and the binding effect of such assessments upon the appellees as members of the company cannot therefore be successfully questioned. *Stockley, Receiver,* v. *Riebenach, supra; Fire Ins. Co.* v. *Boggs*, 172 Penna. 99; *Mutual Fire Ins. Co.* v. *Phœnix Furn. Co.*, 66 N. W. Reporter, 1095; *Rand* v. *Mutual Fire Ins. Co.*, 58 Ill. App. 528; *Hawkins* v. *Glenn*, 130 U. S. 319; *Glenn* v. *Williams*, 60 Md. 93; *Lycoming Ins. Co.* v. *Langley*, 62 Md. 211;

*Glenn* v. *Ligott*, 135 U. S. 533; *Ross* v. *Knapp, Stout & Co.*, 77 Ill. App. 424; *Knowlton* v. *Association*, 171 Mass. 193; *Mullen* v. *Longworthy*, 70 Ill. App. 276; *Langworthy* v. *Garding*, 77 N. W. 207 (Minn.); *Park* v. *Stoughton Mills Co*, 91 Wis. 174.

An assessment made after insolvency and the appointment of a receiver may properly include the expenses of winding up its affairs. *Langworthy* v. *Washburn Mills Co.*, 79 N. W. 74 (Minn.); *Susquehanna Mutual* v. *Gackenback*, 115 Pa. 494; *Wood* v. *Standard Mutual*, 154 Pa. St. 159; *Kramer* v. *Boggs*, 5 Pa. Sup. Ct. 403.

*Joseph C. France* (with whom was *J. Kemp Bartlett, Jr.*, on the brief), for the appellee.

BRISCOE, J. delivered the opinion of the Court:

The appellant is the receiver of the Peoples Mutual Live Stock Insurance Company, a corporation, created under the laws of the State of Pennsylvania, and incorporated for the purpose of insuring its members against loss arising from the death of domestic animals by disease or accident, and for that purpose to assess upon and collect from its members such sums of money as may be necessary to carry on the business and to pay the losses incurred. The company continued to transact business until the second day of May, 1898, when, on application, it was declared by the Court of Common Pleas of Dauphin County, Pennsylvania, to be insolvent, and the appellant was duly appointed its receiver, who afterwards qualified as such.

The appellees are co-partners, doing business under the firm name of Benedict Brothers, in the city of Baltimore, and during the years 1896, 1897 and 1898, secured insurance upon certain horses, to cover which the company issued to them five policies or certificates of membership for a term of years and upon certain conditions mentioned in the policies.

Subsequently, on the 13th of September, 1898, the plaintiff was directed, as such receiver, by the Dauphin County Court, to levy an assessment upon the policies or certificates of mem-

bership of the company for the purpose of paying the liabilities incurred by the company while the parties upon whom such assessments were levied were members according to a schedule therein prescribed, and this suit is brought to recover the sum of $212.12-100, claimed to be the assessment due by the appellees upon the policies held by them.

The case was tried in the Baltimore City Court upon an agreed statement of facts and other evidence offered at the trial. At the conclusion of the evidence on both sides four prayers were offered by the appellant, all of which were rejected without being passed upon, the Court giving the following instruction : ''The plaintiff has offered no evidence legally sufficient to show that the defendants were parties to the proceedings in the Court of Common Pleas of Dauphin County, Pennsylvania, or that they are bound by any assessment levied under the decree of said Court therein, and the verdict should be for the defendants.''

The verdict and judgment being against the plaintiff, he has appealed, and the questions for our consideration arise upon an exception to the rejection of the plaintiff's prayers, and to the granting of the instruction given by the Court.

We do not deem it necessary for the purposes of this case to determine all of the questions presented by counsel in their briefs, and which were so ably argued at the hearing. The sole question we are now called upon to decide is whether the appellees in this case were members of the appellant's company at the time of the levy of the assessments, under the decrees of the Pennsylvania Court, and are as such liable to the receiver in this suit.

This question must be answered in the negative, because it is quite clear that, under the facts of the case, the policies held by the appellees had been forfeited, and were null and void by reason of the default in the non-payment of the assessment levied upon all the policies of the appellees, payable on or before April 1, 1898.

It will appear that by the express terms of the policies (Condition and Agreement 9), it was distinctly provided, if the

policy shall become null and void by the non-payment of any assessment or dues levied upon the insured it can only be restored by the consent of the company in writing. The payment of the indebtedness existing at the time. of annulment shall not bind the company to restore the policy, nor shall a receipt for the same be considered a reinstatement, nor shall the signing of any health certificate or application for reinstatement, nor the filling of the same with the company or its agent, bind the company to restore the policy. And it is conceded, as part of the facts of the case, that on or about the first day of March, 1898, the insurance company levied upon all the policies of the defendants, an assessment of eleven dollars and one cent, payable on or before April 1, 1898 ; that this assessment was the last one levied by the company ; that it was paid on the 4th day of April, 1898, and the defendants made application for the reinstatement of their policies, but so far as could be ascertained, the company did not, between the date of the payment and the decrees of the Pennsylvania Court, reinstate in writing the policies which had been previously issued to the defendants.

It also appears that the conditional receipt, given by the agent of the company to the defendants for payment of the March assessment, contained this express condition which is provided by the policy. It is as follows :

PHILADELPHIA, April 4, 1898.

Received of Benedict Bros. eleven 11-100 dollars in full for March assessment: *Condition.*—The insurance upon which this payment is made and for which this receipt is given is null and void having been permitted to lapse, as provided for by condition number eight of the policy, and can only be reinstated as provided for by condition No. 9, of the policy, and upon signing the health certificate hereto attached and filing same at the home office of the company for its approval.

And the evidence further shows, that the notice of assessment sent out by the company to its policy-holders, contained a statement, that if the assessment was not paid on or before the date the insurance upon which the assessment was made

will be forfeited and the amount due collected.    If any claim
for or right of forfeiture or any default on the part of the
holder of the policies now exists, the company does not by
this notice waive the same.

And it will further appear by reference to the eighth con-
dition and agreement of the policies, that the insured agreed
that a failure or neglect on their part to pay the dues or assess-
ments within the time prescribed in the notice or assessment,
shall render the policies null and void and that the company
might retain the money that may have been paid thereon, and
all indebtedness at the time of such annulment could be col-
lected and no further notice or demand for dues or assessment,
or receipt of the amount thereof by the company or its agents,
shall be construed as a reinstatement or waiver of the annul-
ment incurred by non-payment within the time.

It is insisted, however, upon the part of the appellant, that
the payment by the appellees on the 4th of April, 1898, of the
assessment and the acceptance by the company of such pay-
ment, operated as a distinct waiver of the condition of the
policies and that they did not thereupon lapse and become null
and void.    But this contention cannot be sustained in the face
of a plain and express condition and agreement, in the policy
itself, that when a policy became null and void, it could only
be restored by the consent of the company in writing ; and in
the face of the further stipulation that a subsequent payment
of the assessment, nor the company's receipt, nor an applica-
tion for reinstatement filed with the company will bind the com-
pany to restore the policy.

It would not only nullify the express terms of the contract
of insurance as provided by the eighth condition and agree-
ment of the policies that no receipt of an overdue assessment
shall be construed as a reinstatement or waiver of the annul-
ment incurred by non-payment within the time provided in the
notice of assessment, but it would practically defeat the clearly
expressed intention of the parties as stated in the receipt of the
4th of April, 1898, that the payment of the overdue assess-
ment did not restore the policies and they could only be rein-

stated as provided by condition number nine (9) of the policy.

In the recent case of *Gibson* v. *Megrew*, 154 Ind. 273; 48 L. R. A. 366, the Supreme Court of Indiana in dealing with a somewhat similar certificate of insurance held that the question of forfeiture, under the circumstances, was not a matter merely within the option of the society, but necessarily followed from the force and effect of the constitution and by-laws. These were as binding and controlling upon the officers of the association as they were upon its members. It further held : "As a general rule under such contracts in the absence of anything to the contrary the insured has the right to elect whether he will continue to pay his premiums or assessments as they become due or forfeit the contract. He must make his election after notice of the assessment within the time fixed for the payment or suffer the loss of membership and thereby terminate his rights and the liability of the company or society under the contract of insurance, save and except as heretofore stated, the right of reinstatement, when the same is expressly reserved as in this case or except any other right which may have been expressly reserved from the effect of the forfeiture."

We, therefore, hold that as the policies held by the appellees in the Peoples' Mutual Live Stock Insurance Company of Pennsylvania had been forfeited prior to its adjudication in insolvency, they were not liable for the assessments levied under the decrees of the Pennsylvania Court and not being at that date members of the company, they cannot be held in this suit.

Finding no error in the ruling of the Court, its judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided January 16, 1901.)