## EDWIN W. POE and Others v. AARON·P. CAMERON and Others.[1]

June 11, 1915.

Nos. 19,195—(122).

**Principal and surety — notice of discharge — action for premium on bond.**

A surety company issued its bond to secure the performance of a building contract; the suretyship contract provided for the payment of an annual premium until the surety was discharged of liability, and until "legally" notified of such discharge; the surety was discharged by operation of law by reason of a change of the building contract, agreed to by the parties thereto but without notice to or the consent of the surety; the surety was not "legally" or otherwise notified of the discharge so brought about. In an action by the receivers of the surety company to recover a premium subsequently falling due, defendants, principals in the bond, interposed in defense the discharge of the surety. It is *held:*

(1) That the change in the building contract discharged the surety from further liability.

(2) That since the surety had in fact been discharged from liability, and was no longer holden on the bond, there was no consideration for the premiums thereafter to become due, and the discharge may be interposed in defense to the action.

(3) The mere failure of the principals in the bond to formally notify the surety of its discharge is not sufficient basis for holding them liable for premiums subsequently accruing.

[1] Reported in 153 N. W. 129.

Action in the district court for Hennepin county by the receivers of the United States Surety Co. against the persons doing business under the firm name of Cameron & Co. to recover $274.53. The case was tried before Molyneaux, J., who made findings and ordered judgment for the amount demanded. From the order denying their motion to set aside the conclusions of law or for a new trial, defendants appealed. Reversed.

*C. D. & R. D. O'Brien,* for appellants.
*Arthur M. Higgins,* for respondents.

BROWN, C. J.

Action to recover a premium alleged to be due upon a surety bond executed by the United States Surety Co. to secure the performance of a certain contract entered into by defendants with a third person. Defendants interposed in defense the discharge of the surety from the obligations on the bond before the premium became due. Plaintiffs had judgment, after trial before the court without a jury, and defendants appealed from an order denying their motion for an amendment of the conclusions of law, and for judgment, or a new trial.

The cause was submitted to the court below upon the pleadings and an agreed statement of facts. The facts as so agreed upon are as follows:

In February, 1910, defendants entered into a contract for the erection and construction of a building for George Benz & Sons. To secure the performance of the same and to indemnify Benz & Sons from loss or damage resulting from a breach of the contract, defendants procured from the United States Surety Co. an indemnity or surety bond, payable to Benz & Sons, in consideration of which defendants agreed to pay to the surety company the sum of "$274.53 per annum in advance * * * until said United States Surety Company shall, in the manner provided by law, be discharged or released from any and all liability * * * upon * * * bond, and proper legal evidence of such discharge or release be served" upon the company. The bond contained a provision to the effect that no change in the plans for the construction of the building should be made by the owner of the building and the contractors without notice to and the con-

sent of the surety. The first premium was paid March 2, 1910, and work upon the building was thereafter commenced by defendants. In June following, the plans for the building were changed by agreement between the owner and contractors, without the consent of or notice to the surety company and, as stated in the agreed statement of facts, "contrary to the provisions concerning such changes in said bond." The building, in conformity with the changed plans, was fully completed on April 15, 1911, and no default rendering the surety liable is claimed. The second annual premium fell due March 2, 1911, a month and a half prior to the date of the completion of the building. Plaintiffs were appointed receivers of the surety company in January, 1911, and they brought this action in 1913 to recover the unpaid second annual premium.

It is contended by plaintiffs in support of their right of recovery: (1) That a release or discharge of the surety is not shown by the agreed statement of facts; (2) that the discharge of the surety company by the change in the building plans without its consent is not available to defendants, the principals in the bond, as a defense to the action; and (3) that until the legal evidence of such discharge or release has been served upon the surety company by the insured, or by the purchaser of the bond, the liability to pay premiums continues, regardless of the fact that liability under the bond has terminated.

1. It is clear from the agreed statement of facts that the change in the building plans, "contrary to the provisions * * * in said bond" and without the consent of the surety, *prima facie* at least wholly released the surety from further liability. The claim of plaintiffs that the change does not appear to have affected the undertaking of the surety and, therefore, not sufficient to discharge its obligations under the bond, is directly opposed to the stipulated fact that the change was "contrary to the provisions * * * in said bond." If the change was contrary to the bond, it must necessarily have been in violation of its express terms. The original plans called for the construction of a hotel building, and they were changed so as to porvide for an office building. The particulars are not stated, and we are

130 M.—2.

only informed that the change was contrary to the provisions of the bond.

2. The remaining questions, namely, whether the discharge of the surety is available to defendants, principals in the bond, as a defense to the action, and whether plaintiffs may recover upon the naked ground that the surety was not legally and formally notified of the discharge, do not require extended discussion. The precise contention of plaintiffs is that the discharge of the surety is not a defense to the action, and in any event that, under the contract, until legal evidence of discharge or release has been served upon the surety, liability for the payment of premiums continues. We do not sustain these contentions. The surety was discharged from all obligations under the bond on June 10, 1910, the date of the modified contract, and no risk or responsibility was thereafter carried or assumed by it respecting the performance of the building contract. From that date there was no consideration for the promise of defendants to continue the payment of premiums, and clearly they may interpose that fact as a defense to the action. The facts bring the case within the rule applied in insurance contracts, to the effect that a breach or violation of the terms of the policy by the insured which will relieve the company from liability thereunder will also relieve the insured from further liability for premiums to become due thereafter. 2 Cooley, Ins. Briefs, 956; Mutual Assurance Co. v. Holt, 29 Va. 612; Stockly v. Benedict, 92 Md. 325, 48 Atl. 59. The case is unlike the class of insurance contracts where the question of discharge of liability under the policy for a breach of its terms by the insured vests in the insurance company the option to declare a forfeiture. In such case the company may take advantage of the breach or elect to waive the same. Where there is a waiver the company may recover unpaid premiums. In the case at bar the release and discharge of the surety followed as a matter of law upon the change in the building contract without its consent, and no action on the part of the surety was necessary to render the discharge effective. And though the surety might have waived the breach, there is no evidence or claim of such waiver other than the commencement of this action by the receivers of the company, long after the termination of the relations between the par-

ties, and at a time when no question of the liability of the surety could arise.

Nor should plaintiffs be permitted to recover upon the narrow ground that the surety was not notified of the discharge. If the discharge of the surety was in any measure dependent upon the notice, a different question would be presented. Such is not the case. The release was effective in fact without the notice, the surety was in no way prejudiced by the failure of defendants to give it, and carried no risk or responsibility thereafter.

We therefore hold, on the facts presented, that the court erred in denying defendants' motion for an amendment of its conclusions of law, and the cause will be remanded with directions to so amend them as to award judgment to defendants.

It is so ordered.